Brian **CHRISTMAN**, Plaintiff–Appellant,

v.

Michael **MICHELETTI**, et al., Defendants–Appellees.

No. 07–15485.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Christman, Lancaster, CA, pro se.

Sara Ugaz, DAG, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

MEMORANDUM **

Brian Christman, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious threats to his safety. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order of dismissal and grant of summary judgment, *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir.2007), *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

■ The district court properly dismissed Christman's claims against the California Department of Corrections and Rehabilitation because the state agency is not a "person" under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ The district court properly dismissed Christman's claims against defendants Knowles, Kernan and Robinson because Christman failed to allege specific facts showing that defendants acted with deliberate indifference to serious threats to his safety. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986) (stating that to obtain relief under § 1983, a plaintiff must allege facts sufficient to show that the defendants acting under color of state law deprived plaintiff of rights secured by the federal Constitution or statutes).

■ The district court properly granted summary judgment to defendant Micheletti because Christman failed to raise a genuine issue of material fact as to whether Micheletti was aware of or disregarded a serious threat to Christman's safety. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ The district court did not abuse its discretion by denying Christman's motions for appointment of counsel because Christman did not demonstrate exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004).

The district court did not abuse its discretion by denying Christman's motion for change of venue because Christman failed to show transfer was warranted under 28 U.S.C. § 1404(a). *See Ventress v. Japan Airlines,* 486 F.3d 1111, 1118 (9th Cir. 2007).

■ The district court properly denied Christman's motion for a preliminary injunction because Christman failed to show a likelihood of success on the merits and the possibility of irreparable injury. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1201 (9th Cir.1980).

■ We do not consider Christman's arguments raised for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (stating that, as a general rule, the court will not consider arguments that are raised for the first time on appeal).

**AFFIRMED.**